```
         IN THE UNITED STATES DISTRICT COURT FOR THE
                   EASTERN DISTRICT OF OKLAHOMA

SHOLLA R. CROSS,                    )
                                    )
            Plaintiff,              )
                                    )
                                    )   Case No. CIV-19-317-KEW
                                    )
COMMISSIONER OF THE SOCIAL          )
SECURITY ADMINISTRATION,            )
                                    )
            Defendant.              )
```

**OPINION AND ORDER**

Plaintiff Sholla R. Cross (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts the Commissioner erred because the ALJ incorrectly determined she was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and the case is REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairments are of

such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. § 423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) (citation omitted). The term "substantial evidence" has been interpreted by the United States

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally, Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. *Casias v. Secretary of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also*, *Casias*, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was 44 years old at the time of the ALJ's decision. She has a college education and worked in the past as a landscaper/groundskeeper. Claimant alleges an inability to work beginning on March 3, 2017, due to limitations resulting from bipolar disorder, anxiety, type II diabetes, herniated disc deteriorating with arthritis at L4-L5, sleep apnea, racing thoughts, manic depression, MRSA, and restless leg syndrome.

**Procedural History**

On February 24, 2017, Claimant protectively filed an application for a period of disability and disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social

Security Act. On March 3, 2017, Claimant protectively filed for supplemental security income benefits pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On July 23, 2018, ALJ B.D. Crutchfield conducted a video hearing from Tulsa, Oklahoma. Claimant participated from Poteau, Oklahoma. At the hearing, Claimant amended her onset date to March 3, 2017. On August 23, 2018, the ALJ dismissed Claimant's Title II claims and entered an unfavorable decision on the Title XVI claim. Claimant requested review by the Appeals Council, and on July 24, 2019, it denied review. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made her decision at step five of the sequential evaluation. She determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform sedentary work with additional limitations.

## Errors Alleged for Review

Claimant's sole contention is that the ALJ committed legal error by ignoring and rejecting the opinions of the state agency psychological consultants regarding her mental limitations.

**Consideration of State Agency Mental Health Opinions**

In the decision, the ALJ found Claimant suffered from severe impairments of degenerative disc disease, osteoarthritis, depression, anxiety, and morbid obesity. (Tr. 26). She determined Claimant could perform less than the full range of sedentary work. Claimant could stand and/or walk three to four hours in an eight-hour workday, remain seated for approximately six hours in an eight-hour workday, and lift and/or carry ten pounds frequently and twenty-five pounds infrequently. She could stoop, crouch, and kneel approximately one to two hours in an eight-hour workday, but she was unable to climb other than short stepladders. Claimant could reach, handle, feel, finger, and grasp bilaterally without limitations. She had no visual, communicative, or workplace environmental limitations except to avoid climbing, other than the use of short stepladders. Claimant should not work at heights or operate heavy equipment. She was to avoid heavy lifting. (Tr. 30).

After consultation with a vocational expert ("VE"), the ALJ determined Claimant could perform the representative jobs of document preparer, touch-up screener, and semi-conductor bonder, all of which she found existed in sufficient numbers in the national economy. (Tr. 41). As a result, the ALJ concluded Claimant had not been disabled since March 3, 2017, the date the application was filed. *Id.*

Claimant contends the ALJ improperly ignored and rejected opinions from the state agency medical consultants regarding her mental limitations. Specifically, Claimant asserts the ALJ afforded the opinions "great weight," but she then failed to account for their findings of moderate limitations in Claimant's "ability to respond appropriately to changes in the work setting" and in her "ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances."

On May 3, 2017, state agency consulting psychologist Michael Dennis, Ph.D., completed a review of the record and a mental RFC assessment of Claimant. He determined Claimant was moderately limited in her ability to understand and remember detailed instructions and carry out detailed instructions. She was moderately limited in her ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances. Claimant was moderately limited in her ability to interact appropriately with the general public and in her ability to respond appropriately to changes in the work setting. Dr. Dennis concluded Claimant was "capable of simple limited public contact." (Tr. 129-31). L. Colsky, M.D., reviewed the record on August 17, 2017, completed a mental RFC assessment of Claimant, and reached the same conclusions as Dr. Dennis regarding Claimant's mental functional limitations. (Tr. 167-69).

The ALJ referenced the state agency psychological opinions in her decision. She assigned "great weight" to them without explanation. (Tr. 40). More importantly, she failed to explain why she did not include the mental limitations in the RFC.

Defendant acknowledges that the ALJ gave great weight to the state agency opinions and that she did not include any mental limitations in Claimant's RFC or explain why the limitations were not included. Defendant, however, argues any error by the ALJ in this regard is harmless. Defendant contends that all three of the jobs the VE testified Claimant could perform (document preparer, touch-up screener, and semiconductor bonder) involved unskilled work which accounted for simple job duties and the jobs involved relationships with people that were "not significant." Defendant argues the limitations of the state agency psychological consultants limiting Claimant to "simple work with limited public contact" does not preclude Claimant's ability to perform the three jobs. Defendant does not address Claimant's argument that the ALJ should have discussed the moderate limitations assessed by the state agency psychologists.

The ALJ must evaluate every medical opinion in the record. *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004). The ALJ must also explain in the decision the weight given to the medical opinions. Soc. Sec. Rul. 96-6p, 1996 WL 374180 (1996). An ALJ "is not entitled to pick and choose through an uncontradicted medical

7

opinion, taking only the parts that are favorable to a finding of nondisability." *Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007).

The Court finds persuasive the authority cited by Claimant, *Parker v. Commissioner, SSA*, 772 Fed. Appx. 613 (10th Cir. 2019), as the mental functional limitations determined by the state agency psychological consultants were not accounted for by the ALJ in the RFC or the hypothetical to the VE. *Id*. at 616. Although the VE testified Claimant could perform the unskilled jobs of document preparer, touch-up screener, and semiconductor bonder, the basic mental demands of unskilled work "include the abilities (on a sustained basis) to understand, carry out, and remember simple instructions; to respond appropriately to supervision, coworkers, and usual work situations; and to deal with changes in a routine work setting." Soc. Sec. Rul. 85-15, 1985 WL 56857, at *4 (1985). The limitation to unskilled work would account for simple duties, but does not directly account for the limitation to limited public contact, the moderate limitation in Claimant's ability to perform tasks within a schedule, maintain regular attendance, and be punctual within customary tolerances, or the moderate limitation in Claimant's ability to respond appropriately to changes in the work setting. *See Parker*, 772 Fed. Appx. at 616. Moreover, the ALJ affords great weight to the opinions, but she does not explain how

the limitations are accounted for in the RFC.[2]

As a result, the Court does not view the error as harmless. The ALJ shall re-evaluate the restrictions imposed by Dr. Dennis and Dr. Colsky, and she should include any further limitations in the RFC that are supported by the evidence.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, this Court finds, in accordance with the fourth sentence of 42 U.S.C. § 405(g), the ruling of the Commissioner of Social Security Administration should be and is **REVERSED** and the case is **REMANDED** for further proceedings consistent with the Opinion and Order.

IT IS SO ORDERED this 29th day of March, 2021.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE

---

[2] The hypothetical question posed to the VE which the ALJ adopted as her RFC did not include any mental functional limitations. (Tr. 107-108).